COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 FREDERICK
 ANANG,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00521-CR
  
 Appeal from the
  
 County Court at Law
  
 of Ector County, Texas
  
 (TC#02-0057)
 
 




 

MEMORANDUM
OPINION

Frederick Anang was convicted by a
jury of possessing two ounces or less of marijuana.  As punishment, the court ordered Anang to pay
a $750 fine, $368 in court costs, and $1,500 for court-appointed counsel.  On appeal, Anang contends that his trial
counsel was ineffective.  We affirm.

Factual
Background








A pest control technician testified
that she found a bag of marijuana on the kitchen counter in Anang=s apartment.  She informed the apartment manager and a
police officer of what she had found. 
The police officer, Michael Gerke, testified that he went to Anang=s apartment and knocked on the
door.  When Anang answered, Gerke stated
that he had heard that Anang had marijuana in his apartment.  Anang responded that he did.  Gerke asked him where it was, and Anang went
to the kitchen and retrieved the bag of marijuana.

Anang testified that the bag of
marijuana was not his.  He had recently
moved into the apartment and it was very dirty. 
He found the bag of marijuana on the day in question while he was
cleaning behind the stove.  He knew the
bag contained marijuana because he had seen and smelled marijuana on some of
the young people that he counseled in his job.  He placed the bag on the kitchen counter,
along with other items he found behind the stove.  He then went to work out and to do some
errands.  Anang testified that he
intended to throw the bag away, but Gerke knocked on his door shortly after he
returned home.

The State called the apartment
manager, Martha Pate, in rebuttal.  She
testified that before a new tenant moves in, the apartment is thoroughly
cleaned, including behind the stove. 
Pate also testified that before the day in question, she suspected that
drug trafficking was occurring at Anang=s apartment.

Standard of
Review








A two-pronged test governs our review
of ineffective assistance of counsel claims. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, we must determine whether counsel=s performance was deficient.  Id. 
To establish that counsel=s performance was deficient, the
defendant must show that the performance fell below an objective standard of
reasonableness.  Strickland v.
Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); Thompson, 9 S.W.3d at 812. 
Second, we must determine whether counsel=s deficient performance prejudiced
the defendant.   Thompson, 9
S.W.3d at 812.  To establish prejudice,
the defendant must show that there is a reasonable probability that the result
of the proceedings would have been different but for counsel=s deficient performance.  Strickland, 466 U.S. at 694, 104 S.Ct.
at 2068; Thompson, 9 S.W.3d at 812. 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Strickland,
466 U.S. at 694, 104 S.Ct. at 2068; Thompson, 9 S.W.3d at 812.

We look to the totality of the
representation and the particular circumstances of each case in evaluating the
effectiveness of counsel.  Thompson,
9 S.W.3d at 813.  Our review is highly
deferential and presumes that counsel=s actions fell within a wide range of
reasonable professional assistance.  Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Thompson, 9
S.W.3d at 813.  The defendant bears the
burden of proving by a preponderance of the evidence that counsel was
ineffective, and an allegation of ineffectiveness must be firmly founded in the
record.  Thompson, 9 S.W.3d at
813.  Trial counsel should
ordinarily be afforded an opportunity to explain her actions before being
denounced as ineffective.  Rylander v.
State, 101 S.W.3d 107, 111 (Tex. Crim. App. 
2003).  When the record is silent
as to the motivations underlying counsel=s tactical decisions, the appellant
usually cannot overcome the strong presumption that counsel=s conduct was reasonable.  Mallett, 65 S.W.3d at 63.








Failure to
Object

In his first issue, Anang argues that
his trial counsel should have objected to the following testimony by Pate:

Q:        [W]hy
were you familiar with [Anang=s] apartment?

 

A:        [T]here
was a lot of trafficking going up there. 
And then [another manager] told me there was a lot of trafficking there,
so I called the Task Force.

.   .   .

 

Q:        Why did
you call the Task Force?

 

A:        Because
I don=t like drugs in my apartment, and if I suspect drugs
in the apartments then I call the Task Force. 
. . . .

 

Q:        So
prior to [the date of the offense], you suspected drug activity in [Anang=s apartment]?

 

A:        Yes, ma=am, I sure did.

 

Anang argues that Pate=s testimony regarding prior drug
trafficking at his apartment was inadmissible under Texas Rule of Evidence 404(b).  The record does not reveal trial counsel=s reasons for failing to object to
this testimony.  Therefore, Anang cannot
overcome the strong presumption that her decision not to object was reasonable.

Moreover, when a claim of ineffective
assistance is founded on the failure to object to evidence, the appellant must
show that the evidence was inadmissible. 
Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002), cert.
denied, ___ U.S. ___, 123 S.Ct. 1901, 155 L.Ed.2d 824 (2003).  Anang has not made this showing.








Anang=s defense was that he did not
intentionally or knowingly possess the bag of marijuana; he simply found it in
his apartment.  Pate=s testimony that drug trafficking had
been occurring at his apartment tended to rebut this defense.  Although evidence of other crimes is
inadmissible to prove the character of the defendant to show conformity
therewith, it is admissible for other purposes, such as to show intent,
knowledge, or absence of mistake or accident. 
See Tex. R. Evid.
404(b).  Pate=s testimony was arguably admissible
for these purposes.  Anang asserts that
the State could not use the testimony for these purposes because it failed to
give notice of its intent to do so. 
Because Pate testified in rebuttal, the State was not required to notify
Anang of its intent to offer this testimony. 
See Jaubert v. State, 74 S.W.3d 1, 3 (Tex. Crim. App.), cert.
denied, 537 U.S. 1005, 123 S.Ct. 495, 154 L.Ed.2d 403 (2002); see also
Tex. R. Evid. 404(b) (providing
that the State must give reasonable notice of its intent to introduce evidence
of other crimes or bad acts in its case-in-chief).

Anang also complains that counsel
exacerbated her error by asking Pate on cross-examination, ASo you personally witnessed what you
are saying was a lot of trafficking in and out of that apartment?@ 
This question was part of a series of questions that were apparently
designed to discredit Pate.  Anang has
not shown that this strategy was unreasonable.

Anang=s first issue is overruled.








Closing Argument

In his second issue, Anang argues
that his trial counsel should not have stated the following during her closing
argument:

So has the State proven that on December the 18th of
2001 in Ector County that Frederick Anang intentionally and knowingly possessed
a usable amount of marijuana?  Frederick
himself said, yes, it was December the 18th, it was Ector County.  Yes, he is Frederick Anang.  Yes, it was marijuana.  He has come forward and he has told you that
he intentionally and he knowingly possessed marijuana beyond a reasonable
doubt.

 

Anang argues that counsel effectively sabotaged his claim
that he did not intentionally possess the bag of marijuana by telling the jury
that he had confessed to that fact.

Before making the statements about
which Anang now complains, counsel argued, AIt was his intention to throw away
what he found, what was not his, what he did not intentionally or knowingly
possess.@ 
Immediately after making the statements about which Anang complains,
counsel argued:

Is there
enough doubt . . . that it was intentionally and knowingly possessed?  Yes, it is. 
He found it.  You find it, look,
you lay it on the cabinet, and you go about your business.  I am going to deal with that, I am going to
throw that away.  You are arrested.  He testified he found it.  He testified they were not his.  He testified it was his intention . . . to
get rid of it.  He never had that chance,
and so here he sits because of that.

 

Frederick maintains that he is not guilty. . . .  The State has not carried its burden.  There was no intentionally and knowingly
possession of marijuana [sic].

 








A review of the entire closing argument
reveals that counsel emphasized Anang=s defense that he did not
intentionally or knowingly possess the bag of marijuana.  The complained-of statements were apparently
designed to show the jury that Anang had been forthright because he was
innocent.  Anang has not shown that
counsel=s closing argument fell below an
objective standard of reasonableness.

Anang=s second issue is overruled.

Conclusion

For the reasons stated herein, the
judgment of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

February 26, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)